IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3126 |
| | ) | |
| v. | ) | |
| | ) | |
| TIERRA LEE, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO REDUCE |
| Defendant. | ) | SENTENCE |
| | ) | |

On December 11, 2010, the defendant, Tierra Lee, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). (See ECF No. 58.) She also filed a motion for leave to proceed in forma pauperis. (See ECF No. 59.) For the following reasons, her motions must be denied.

**I.  BACKGROUND**

A one-count indictment filed on September 19, 2007, charged the defendant with conspiring to distribute and posses with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. (See ECF No. 1.) Prior to August 3, 2010, the charge set forth in the indictment carried a mandatory minimum sentence of ten years (i.e., 120 months) imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii) (2009). On April 14, 2009, the defendant pleaded guilty to the charge, (see, e.g., ECF No. 25), and on July 8, 2009, I sentenced the defendant to 120 months imprisonment, followed by five years of supervised release, (see ECF Nos. 38, 41).

On August 11, 2010, the defendant filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines. (ECF No. 50.) I denied this motion on September 1, 2010, noting that the defendant's "base offense level was calculated under the post-November 1, 2007, amended crack guidelines," and "the defendant received the mandatory minimum sentence of 120 months." (ECF No. 56.)

1

On December 11, 2010, the defendant filed the instant motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(B), arguing that because the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), has lowered the mandatory minimum sentence for her offense to five years (i.e., 60 months) imprisonment, her sentence should be reduced to 60 months. (See generally ECF No. 58.)

## II.   STANDARD OF REVIEW

Section 3582(c)(1)(B) allows a court to modify a previously-imposed sentence if "expressly permitted by statute." See 18 U.S.C. § 3582(c)(1)(B); United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997).

## III.   ANALYSIS

Section 2 of the Fair Sentencing Act of 2010 did lower the mandatory minimum sentence applicable to the defendant's particular offense from 120 months to 60 months. Compare 21 U.S.C. § 841(b)(1) (2009) with 21 U.S.C. § 841(b)(1) (2010). The Eighth Circuit has held, however, that the Fair Sentencing Act cannot be applied retroactively. See United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.") The Third, Sixth, Seventh, Tenth, and Eleventh Circuits have reached this same conclusion. See United States v. Reevey, No. 10-1812, 2010 WL 5078239 (3d Cir. Dec. 14, 2010); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 624 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). As noted by the courts of appeals, the "general savings statute," 1 U.S.C. § 109, requires courts to apply the penalties in place at the time the crime was committed unless the new version of the relevant statute expressly provides for its own retroactive application. The Fair Sentencing Act contains no such provision on retroactivity. Therefore, the statutory minimum sentence at the time the defendant committed her offense governs, and her minimum sentence remains 120 months.

**IT IS ORDERED** that the defendant's motion for a sentence reduction, filing 58, is denied, and her motion for leave to proceed in forma pauperis, filing 59, is denied as moot.

Dated January 13, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge