IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3126 |
| | ) | |
| v. | ) | |
| | ) | |
| TIERRA LEE, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Tierra Lee ("Lee") has filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I deny the motion and dismiss it with prejudice.

Lee argues (filing no. 70 (brief)) that her counsel was ineffective for failing to advise the defendant that the government was required to prove that the drug Lee was involved with was crack cocaine as opposed to some other type of drug.[2] Setting to

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] Lee cites *DePierre v. United States*, 131 S. Ct. 2225 (June 9, 2011) (term "cocaine base" in federal drug statute means not just crack cocaine, but cocaine in its chemically basic form). She apparently does not understand that *DePierre* affirmed an expansive definition of the words "cocaine base" and that expansive definition is no help to Lee.

one side the fact that the one year statute of limitations has long since passed, and there is no basis for tolling it, 28 U.S.C. § 2255(f),³ Lee's assertion is belied by the record.  When entering her guilty plea, Lee admitted, under oath, that the she was responsible, beyond a reasonable doubt, for at least 150 grams but less than 500 grams of crack cocaine. (Filing no. 32 at CM/ECF p. 23.)  In fact, Lee answered "yes" to the question: "And you knew that what you were dealing in was crack cocaine?"  (*Id.*)  Accordingly, Lee's counsel could not have been ineffective and Lee could not have suffered any prejudice.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 69) is denied and dismissed with prejudice.  A separate judgment will be issued.

DATED this 14th day of June, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

³Judgement was entered July 7, 2009 (filing no. 41) and there was no appeal.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.